**Guy McEACHIN, Plaintiff–Appellant,**

v.

**Donald SELSKY, Director of Shu, Docs, Jeff Minnerly, Plant Worker, Auburn C.F., Virginia Androsko, Facility Nurse, Auburn C.F., and J. Porten, C.O. Auburn C.F., Defendants–Appellees.**

No. 06–1230–pr.

United States Court of Appeals, Second Circuit.

May 31, 2007.

Guy McEachin, pro se, Stormville, N.Y., for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General, Julie M. Sheridan, Assistant Solicitor General, Albany, N.Y., for Appellees.

PRESENT: Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Guy McEachin, *pro se*, appeals from the August 30, 2005 judgment of the United States District Court for the Northern District of New York (Scullin, C.J.) granting defendants-appellees' motion to dismiss McEachin's complaint in its entirety for failure to state a claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir.2002).

Under the "favorable termination rule" of *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), if a determination favorable to the plaintiff in a 42 U.S.C. § 1983 suit "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid in order to recover damages for an allegedly unlawful conviction under § 1983. In *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court "made clear that *Heck's* favorable termination rule applies to challenges made under § 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good-time credits." *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir.2006) (citing and discussing *Edwards*, 520 U.S. 641, 117 S.Ct. 1584). *Heck's* rule, however, does not preclude a § 1983 claim aimed at sanctions that do not affect the overall length of confinement. *See Muhammad v. Close*, 540 U.S. 749, 754, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004); *Jenkins v. Haubert*, 179 F.3d 19, 21 (2d Cir.1999).

In *Peralta*, decided after the district court's judgment in this case, this Court held that

> a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*

*Peralta*, 467 F.3d at 104 (emphasis in original). The Court therefore remanded the case to the district court to ascertain whether Peralta had "formally agreed, or [was] then willing, to waive all his potential claims with respect to the sanctions affecting the duration of his imprisonment arising out of the proceeding he [was] currently challenging," and, if such a waiver resulted, to allow him "to proceed separately with his challenge under § 1983 to the sanctions affecting the conditions of his confinement." *Id.* at 106.

In this case, McEachin raises "mixed sanctions" claims, and, therefore, the portion of the district court's judgment dismissing McEachin's claims under *Heck* and *Edwards* is vacated and remanded. On remand, pursuant to *Peralta*, the district court must provide McEachin with the waiver option, and ascertain whether McEachin is willing to waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement.

Since McEachin has not challenged any of the other findings in the district court's judgment, those portions are affirmed. *See United States v. Joyner*, 313 F.3d 40, 44 (2d Cir.2002) ("It is well established that an argument not raised on appeal is deemed abandoned and lost, and that a

**38**

court of appeals will not consider the argument unless it has reason to believe that manifest injustice would result otherwise." (internal citations and quotations omitted)).

For the foregoing reasons, we AFFIRM the judgment of the district court in part, VACATE in part, and REMAND the case to the district court for further proceedings consistent with this order.