BLD-203                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4125
_____

LINWOOD WILKERSON,
                                        Appellant

v.

CHARLES E. SAMUELS, JR., Director, Federal Bureau of Prisons; SMOKER,
Correctional Officer, LSCI-Allenwood; SOLOMON, Factory Manager, LSCI-Allenwood
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.  12-cv-01462)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 3, 2013)
_____

OPINION
_____

PER CURIAM

       Pro se Appellant Linwood Wilkerson, a federal inmate, appeals the District

Court's order dismissing his civil rights suit seeking compensatory and punitive damages

under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.

388 (1971), as well as his claims for a hostile work environment, sexual harassment, and retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. For the reasons that follow, we will affirm in part, vacate in part, and remand the matter.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In his Bivens action, Wilkerson alleged that Appellee Smoker, a supervisor in the UNICOR factory in which Wilkerson worked at the Low Security Correctional Institution Allenwood ("LSCI Allenwood"), verbally harassed him. In response, Wilkerson filed a hostile work environment complaint with prison officials. He maintained that the complaint was ignored and that Smoker retaliated by filing a false incident report against him, resulting in disciplinary proceedings; Wilkerson was found guilty of the incident and lost his UNICOR job for six months. He also alleged that he was transferred to a higher custody institution as a result of the disciplinary proceedings.

"A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). To sustain a retaliation claim under Bivens, an inmate must demonstrate that (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); see also Rauser

2

v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

The District Court determined that Wilkerson's Bivens claim was barred under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). In Heck, the Supreme Court held that a prisoner may not pursue a § 1983 action which would implicitly question the validity of the conviction or duration of sentence, unless first demonstrating that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 486-87. The Court extended Heck's "favorable termination" rule to prison disciplinary sanctions which alter the duration of a prisoner's term of incarceration. Edwards, 520 U.S. at 646-48. The rule does not, however, bar a prisoner from bringing an action which does not implicate the fact or duration of confinement. See Muhammad v. Close, 540 U.S. 749, 751 (2004); Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006). While we agree with the District Court that a favorable outcome on Wilkerson's claim would necessarily imply the invalidity of the disciplinary proceedings, it would not invalidate the underlying conviction or sentence and, therefore, is not barred under Heck or Edwards. The sanctions imposed as a result of the disciplinary proceedings did not affect the duration of Wilkerson's sentence, only the location where it was to be served. Accordingly, the claim could not be dismissed on this basis.

We also disagree with the District Court's alternative ground for dismissal that the retaliation claim was time barred. The basis of the retaliation claim is not the comments which allegedly led to the false misconduct report, but the report itself which was made on October 21, 2010, and resulted in the disciplinary proceeding; the complaint was filed

3

on July 30, 2012, within the two year statute of limitations.  See 42 Pa. Cons. Stat. Ann. § 5524 (two-year statute of limitations for personal injury actions); see also Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988) (Bivens actions governed by forum state's statute of limitations for personal injury actions).

Wilkerson's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Smoker may state a cognizable First Amendment claim. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989)  (citing cases).  Although Wilkerson has no constitutional right to his job,  Rhodes v. Chapman, 452 U.S. 337, 348 (1981), and no constitutionally protected liberty interest in being incarcerated in any particular prison, see Olim v. Wakinekona, 461 U.S. 238, 245 & n. 6 (1983), retaliation for the exercise of his constitutional right is itself a violation of the Constitution.  See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  Although Wilkerson's retaliation claim may ultimately not succeed on the merits,[1] it was improperly dismissed under § 1915(e)(2)(B)(ii) for the reasons stated by the District Court.

The District Court properly dismissed Wilkerson's Title VII claims.  In determining whether Title VII protections apply, the focus is on the employment relationship.  See Nelson v. Upsala College, 51 F.3d 383, 387 (3d Cir. 1995).  It is well

_____

[1]  It is unclear whether Wilkerson exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). See Nyhius v. Reno, 204 F.3d 65, 69 (3d Cir. 2000) (the PLRA's exhaustion requirement applies to federal prisoners seeking

4

established that a prisoner is not an employee under the Fair Labor Standards Act (FLSA), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate. <u>See</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 243 (3d Cir. 1999); <u>see also</u> <u>Vanskike v. Peters</u>, 974 F.2d 806, 809 (7th Cir. 1992). Similarly, for purposes of Title VII, Wilkerson's relationship with UNICOR is one of a prisoner, not an employee. <u>See</u> <u>Williams v. Meese</u>, 926 F.2d 994, 997 (10th Cir. 1991); <u>see</u> <u>also</u> E.E.O.C. Dec. No. 86-7, *3, 40 Fair Empl. Prac. Cas. (BNA) 1892 (1986) (finding no employment relationship between the prison and prisoner under Title VII, noting that the primary purpose of their association was incarceration, not employment). Accordingly, he cannot claim the protections afforded under Title VII.

For the foregoing reasons, we will summarily affirm the District Court's order as to the Title VII claims, summarily vacate the District Court's order as to the dismissal of the <u>Bivens</u> claim, and remand the matter for proceedings consistent with this opinion.

---

relief through a <u>Bivens</u> action). On remand, the District Court may wish to consider whether Wilkerson has complied with the exhaustion requirements.