**DLD-244**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1872
_____

LINWOOD WILKERSON,
Appellant

v.

CHARLES E. SAMUELS, Director, Federal Bureau of Prisons;
SMOKER, Correctional Officer, LSCI-Allenwood;
SOLOMAN, Factory Manager, LSCI-Allenwood

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-01462)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Linwood Wilkerson ("Wilkerson"), an inmate at FCI-Allenwood Medium, appeals the District Court's order granting Correctional Officer R. Smoker's motion for summary judgment, entering judgment in favor of Smoker against Wilkerson, and closing the case.[1]  Because the appeal presents no substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Wilkerson filed a pro se complaint in the District Court alleging violations of his civil rights.  See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971).  We have previously described Wilkerson's retaliation allegations against defendant Smoker as follows:

> Wilkerson alleged that Appellee Smoker, a supervisor in the UNICOR factory in which Wilkerson worked at the Low Security Correctional Institution Allenwood ("LSCI Allenwood"), verbally harassed him.  In response, Wilkerson filed a hostile work environment complaint with prison officials.  He maintained that the complaint was ignored and that Smoker retaliated by filing a false incident report against him, resulting in disciplinary proceedings; Wilkerson was found guilty of the incident and lost his UNICOR job for six months.  He also alleged that he was transferred to a higher custody institution as a result of the disciplinary proceedings.

---

[1] The Court also dismissed the other defendants, but on appeal Wilkerson states that he has abandoned any appellate issue concerning their personal involvement, and accordingly pursues this appeal against only Defendant Smoker.  We confine our discussion to the claims against Smoker.

Wilkerson v. Samuels, 524 F. App'x 776, 777 (3d Cir. 2013).[2] The key underlying (and undisputed) facts concerning the incident report that Smoker filed are that, while working at the prison factory, Wilkerson left a wood chisel behind in his tool box after Wilkerson was called out for a visit, but that Wilkerson then reported to prison staff that he had returned all of his tools, as prison regulations require. Wilkerson's explanation is that he left the wood chisel inadvertently and thus did not know it remained behind.

After discovery, the defendants moved for summary judgment, arguing that Wilkerson had failed to exhaust administrative remedies, had failed to produce sufficient evidence to establish a retaliation claim, and that defendants had qualified immunity. The District Court granted the defendants' motion on multiple alternative grounds, and Wilkerson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Wilkerson. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis that the record supports. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[2] In that prior opinion, we affirmed in part, vacated in part, and remanded on the ground that the District Court had erred in concluding that Wilkerson's retaliation claim was time-barred and was prohibited under Heck v. Humphrey, 512 U.S. 477 (1994).

3

The District Court did not err in entering judgment against Wilkerson on his claims against Smoker because the record facts show that Wilkerson could not establish his retaliation claim. To sustain a retaliation claim, an inmate must demonstrate that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). With respect to causation, if the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in the decision to discipline, the defendant then has the burden of showing that the same disciplinary action would have been taken even in the absence of the protected activity. See Rauser, 241 F.3d at 334.

Here, the record shows that there is no disputable issue that Wilkerson would have received the same disciplinary consequences irrespective of his constitutionally protected activity. Wilkerson admits that he left a wood chisel (albeit, he says, inadvertently) in his tool box in contravention of prison regulations, and he admits that he told the prison staff that he had returned all of his tools when, in fact, he had not. That evidence of Wilkerson's guilt shows that Smoker's actions in reporting Wilkerson were reasonably related to a legitimate penological interest in securing potential weapons and escape aids and that—especially given that there were other witnesses to Wilkerson's failure to return his work tools—Wilkerson would have been charged regardless of his earlier grievance filings about Smoker. See, e.g., Carter, 292 F.3d at 159 (affirming summary judgment in

4

favor of defendants on a retaliation claim when "the quantum of evidence" concerning the prisoner's misconduct showed that he would face disciplinary action regardless of his protected activity). As a result, Wilkerson cannot establish a genuine issue of material fact as to whether retaliation caused the adverse consequences he suffered, and the District Court correctly granted summary judgment to Smoker on this claim.[3]

For these reasons, this appeal presents no substantial question and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[3] Because Wilkerson's inability to establish causation disposes of his claim, we need not discuss the District Court's other reasons for granting summary judgment in Smoker's favor.

5