**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3354
_____

FABIAN T. MORRISON,
                                        Appellant

v.

KAREN E. ROCHLIN, AUSA; COLEMAN MEDIUM OFFICIALS; TAMYRA
JAVIS, WARDEN; JORGE L. PASTRANA, WARDEN; FLOURNOY, ASSISTANT
WARDEN; MCMANUS, CAPTAIN; T. MATHEW, SIS TECH; BULLOCK, LT.;
COUNSELOR RICHARD, LT.; REHEMOND, UNIT MANAGER; HARRIS, CASE
MANAGER; CARERRO, DHO; DSCC CHIEF; SERO, S.E. REGIONAL DIR.;
HARELL WATTS, CENTRAL OFFICE ADMINISTRATOR; LEWISBURG
PENITENTIARY OFFICIALS; J.E. THOMAS, WARDEN; J. BENFER, SIS LT.; LT.
KNOX, UNIT MANAGER; C.O. BERKOSKI, CASE MANAGER; EDINGER,
COUNSELOR; MARR, COUNSELOR; ADERHOLD, COUNSELOR; J.L.
NORWOOD, N.E. REGIONAL DIRECTOR; A. JORDAN, DHO; GLEN M. FINE,
I.G.; THOMAS F. MCLAUGHLIN, A.I.G.; MARY PRACTICE BROWN,
O.P.R.; I.A. DIRECTOR, CHARLES E. SAMUELS, DIRECTOR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-01417)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 24, 2019)

_____

OPINION[*]

_____

PER CURIAM

Fabian T. Morrison appeals from the order of the District Court entering summary judgment against him. We will affirm in part (and in part as modified), vacate in part, and remand for further proceedings.

I.

Morrison is a federal prisoner who previously has been housed at FCC-Coleman in Florida and at USP-Lewisburg in Pennsylvania. He filed pro se a Bivens action[1] seeking damages against 30 defendants and raising four claims relating to his treatment at FCC-Coleman and two claims relating to his treatment at USP-Lewisburg. On the FCC-Coleman defendants' motion, the District Court severed Morrison's first four claims under Fed. R. Civ. P. 21 and transferred them to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). The Florida District Court later dismissed those claims on the merits (M.D. Fla. Civ. No. 5-17-cv-00132), and the United States Court of Appeals for the Eleventh Circuit dismissed Morrison's appeal (11th Cir. No. 17-14970-F).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

Meanwhile, the USP-Lewisburg defendants filed a motion to dismiss or for summary judgment as to Morrison's two claims against them. First, Morrison claimed that defendants illegally disciplined him for possessing a "Sovereign Citizen"-like document titled "INVOICE Verified Statement of Account," which purported to hold a federal prosecutor liable for $45 million. Second, Morrison claimed that defendants continually exposed him to "toxic chemicals," which caused irritation, exacerbated his glaucoma, and reduced his life expectancy.

By order entered September 29, 2017, the District Court treated defendants' motion as one for summary judgment, granted it, and entered summary judgment in their favor. The District Court concluded that Morrison's claim regarding his disciplinary sanctions was barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on that claim would imply the invalidity of those sanctions. The District Court also concluded that Morrison failed to allege most defendants' personal involvement in his disciplinary proceeding. Finally, the District Court concluded that Morrison's claim regarding exposure to "toxic chemicals" was barred because he failed to exhaust his administrative remedies as to that claim under the Prison Litigation Reform Act. Morrison appeals.[2]

---

[2] We have jurisdiction under 28 U.S.C. § 1291 except as noted below. We review the entry of summary judgment de novo and will affirm only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Steele v. Cicchi, 855 F.3d 494, 500 (3d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)).

II.

Morrison devotes most of his brief to attacking the validity of his underlying criminal judgment, which was imposed in the Southern District of Florida and which he has unsuccessfully challenged before. We nevertheless liberally construe his filings as raising three issues that we will address. Although the first two do not warrant relief, we will vacate and remand for the District Court to address the third.

First, Morrison challenges the District Court's order severing his claims against the FCC-Coleman defendants and transferring them to the Middle District of Florida. We lack jurisdiction to review that order. When a District Court within this Circuit transfers a civil action to a District Court in another Circuit, we lose jurisdiction to review the transfer order once the transferee court sufficiently "proceeds with the transferred case." In re Howmedica Osteonics Corp., 867 F.3d 390, 400 (3d Cir. 2017) (quoting In re United States, 273 F.3d 380, 384 (3d Cir. 2001)), cert. denied, 138 S. Ct. 1288 (2018). We have not definitively determined what a transferee court must do to "proceed" with a case for jurisdictional purposes. See id. at 400 & n.6. We need not do so now because the transferee court has done more than "proceed" with the case—the transferee court has completed the case by rendering a judgment on the merits, and the transferee Court of Appeals has dismissed Morrison's appeal. Whatever else a transferee court may do to

4

"proceed" with a case for jurisdictional purposes, finally resolving its merits surely qualifies.[3]

Second, Morrison repeats his claim about the disciplinary proceeding based on his possession of the "INVOICE Verified Statement of Account." Morrison alleges in conclusory fashion that a Special Investigation Services Lieutenant "fabricated" the evidence against him (though he does not deny possessing it) and that the Disciplinary Hearing Officer conducted a "fraudulent" hearing. (ECF No. 5 at 7.) Morrison claims that the hearing was "fraudulent" because the Officer lacked "jurisdiction" to determine that the invoice was contraband rather than a "genuine court document."

Morrison, however, does not challenge or even mention the District Court ruling that this claim is barred by Heck. We thus could deem the issue waived. Nevertheless, the District Court's ruling was correct on the basis of the evidence and arguments before it. Morrison's disciplinary proceeding resulted in the loss of good-time credits. Under Heck, prisoners may not raise claims under Bivens that "necessarily imply the invalidity of the deprivation of . . . good-time credits," Edwards v. Balisok, 520 U.S. 641, 646 (1997), unless and until that sanction is invalidated, see id. at 643. Challenges to the validity of such sanctions must instead be brought in habeas. See id. at 643-44.

---

[3] Litigants seeking to challenge a transfer order may do by filing a petition for a writ of mandamus. See In re Howmedica, 867 F.3d at 399. Morrison appealed the transfer order, but we dismissed his appeal for lack of jurisdiction. (C.A. No. 17-1992.) In doing so, we implicitly concluded that mandamus relief was not warranted.

5

Morrison did not allege that his disciplinary sanction has been invalidated, and defendants presented uncontroverted evidence that it has not. Thus, the District Court correctly concluded on the basis of the arguments and evidence before it that this claim is barred by Heck.[4] Application of Heck, however, should result in a dismissal without prejudice to Morrison's ability to assert this claim if he is able to invalidate his disciplinary sanctions in the future. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016). Thus, we will modify the District Court's judgment as to this claim to reflect that it is without prejudice. See id.

Finally, in a memorandum accompanying his notice of appeal, Morrison challenges the District Court's entry of summary judgment on his "toxic chemicals" claim for failure to exhaust. We agree that the issue of exhaustion warrants further

---

[4] In addition to the loss of good-time credits, Morrison received sanctions that do not implicate the fact or duration of his confinement, such as the loss of visitation and telephone privileges. Heck generally does not bar claims that do not implicate the fact or duration of confinement. See Muhammed v. Close, 540 U.S. 749, 750-51 (2004) (per curiam). We do not appear to have addressed how to apply Heck in a "mixed sanctions" case such as this, and other courts have come to different conclusions. Compare Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006) (permitting prisoners to seek damages for sanctions that do not implicate the duration of their confinement as long as they agree to waive challenges to sanctions that do), with Haywood v. Hathaway, 842 F.3d 1026, 1029-30 (7th Cir. 2016) (per curiam) (rejecting Peralta and disallowing challenges that implicate non-custodial sanctions). This case gives us no occasion to decide the issue because Morrison has not raised it on appeal and, unlike the pro se prisoner in Peralta, 467 F.3d at 101, he did not argue anything fairly raising the issue in the District Court. To the contrary, in response to defendants' argument that this claim is barred by Heck because it implies that his discipline is invalid, Morrison persisted in arguing that his discipline is in fact invalid. (ECF No. 63 at 6-8.) That argument merely reinforces the District Court's application of Heck in this case.

6

consideration by the District Court.  As an initial matter, although Morrison's claim is not particularly detailed, he alleged that defendants retaliated against him for filing grievances by illegally housing him in a Special Management Unit ("SMU"), where "toxic chemicals were constantly sprayed by staff, which cause the plaintiff to choke, sneeze, and caused severe eye irritation."  (ECF No. 5 at 7.)  Morrison further asserted in his brief in opposition to dismissal/summary judgment that prison staff released these chemicals while using inmates for "target practice" by shooting them with "pepper ball launchers" and throwing "sting bombs."  (ECF No. 63 at 33.)

The District Court did not conclude that Morrison failed to state a claim or could not do so by amendment.  Instead, the District Court concluded that Morrison failed to exhaust this claim.  In doing so, the District Court relied on defendants' evidence that, although Morrison has filed 61 grievances over the years, none related to his claim regarding toxic substances.  In his statement of material facts, however, Morrison asserted that he tried to file a grievance on this issue by asking defendant Matthew Edinger for a grievance form but that Edinger "told Plaintiff he will not give him any more remedies and he is shutting plaintiff down."  (ECF No. 61 at 12.)  And in his brief in opposition to dismissal/summary judgment, he repeated his assertion that staff refused to provide him with grievance forms, and he referenced documents attached to his

7

complaint (apparently including one at ECF No. 1-7 at 40) in which he complained of that issue. (ECF No. 63 at 31.)[5]

If Morrison is right that prison staff refused to provide him with forms necessary to submit a grievance on this issue, then he need not have filed a grievance to exhaust this claim because that administrative remedy was not "available" to him. Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 153 (3d Cir. 2016); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Neither defendants nor the District Court addressed that issue. In addition, Morrison appears to allege that his detention in the SMU was otherwise illegal. Neither the defendants nor the District Court addressed that issue either.

Thus, we will vacate and remand for the District Court to address these issues in the first instance. We express no opinion on the merits of these claims or on Morrison's

---

[5] We recognize that Morrison's filings in opposition to summary judgment are not sworn and that even pro se litigants generally must at least submit an affidavit to avoid summary judgment. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 249 (3d Cir. 2013). But see Steele v. Cicchi, 855 F.3d 494, 507 n.14 (3d Cir. 2017) (considering for purposes of appeal pro se detainee's assertions in a "letter brief" in opposition to summary judgment); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (holding that, while non-incarcerated pro se litigants must strictly comply with the summary judgment rules, "courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly"). In addition to making these assertions, however, Morrison referred to documents attached to his complaint, which is sworn. Cf. Reese v. Sparks, 760 F.2d 64, 67 & n.3 (3d Cir. 1985) (noting that the District Court treated a sworn amended complaint as an affidavit in opposition to summary judgment). We leave it to the District Court to assess in the first instance the evidentiary value of Morrison's submissions and the possibility of allowing him to supplement them.

argument regarding exhaustion, and we reiterate that our remand is limited solely to Morrison's claim regarding his exposure to "toxic chemicals" and his detention in the SMU while at USP-Lewisburg.

III.

For these reasons, we will affirm the judgment of the District Court in part, modify it in part, vacate it in part, and remand for further proceedings. To the extent that Morrison's filings can be construed to request other forms of relief, they are denied.