■ NANCY E. KASMARSKI et al., Respondents, v LORRAINE P.

TERRANOVA, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered January 31, 1985, which denied her motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Order reversed, on the law and the facts, with costs, motion granted and complaint dismissed.

The instant action involves an automobile accident which occurred on November 17, 1981, in which plaintiffs' vehicle was struck by a hit-and-run driver. The vehicle which left the scene was subsequently identified as being registered to, and owned by, defendant. Thereafter, plaintiffs instituted a personal injury action against defendant. In her verified answer, defendant asserted several affirmative defenses. Defendant's third affirmative defense alleged: "That the vehicle in question was stolen prior to the date of the alleged occurrence, and was, therefore, being operated without the knowledge, permission or consent of the owner. Accordingly, defendant-owner is not responsible under the provisions of the Vehicle and Traffic Law".

While the personal injury action was pending, plaintiffs filed an uninsured motorist claim against their insurer seeking the sum of $10,000, which represented the full limit of liability under their policy, as compensation for the damages sustained in the automobile accident. In support of their claim, plaintiffs cited defendant's affirmative defense that her vehicle had been stolen prior to the accident and thus was being operated without her permission or consent. Following an arbitration hearing, plaintiffs were awarded the sum of $10,000 against their insurer.

Thereafter, defendant moved to dismiss the complaint in the instant personal injury action pursuant to CPLR 3211 (a) (5) on the basis that the arbitrator's award constituted a bar to the instant action. In support of her motion, defendant asserted that "[t]he only basis upon which the [plaintiffs] could have made [their] claim in arbitration was that the hit-and-run vehicle which struck [plaintiffs' car] was operated by an uninsured motorist, to wit, the thief that stole the defendant's car". Accordingly, defendant maintained that plaintiffs were estopped from seeking damages against her, since, by their own admission, at the time of the accident defendant's vehicle was not being operated with her permission or consent. We agree with defendant's position and accordingly reverse Special Term's denial of her motion to dismiss the complaint.

At the outset, we note that defendant's reliance upon the doctrine of collateral estoppel or issue preclusion is misplaced. Collateral estoppel applies in instances in which a party to the first action had a full and fair opportunity to have the issue determined in his or her favor and failed (see, *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 593; Siegel, NY Prac § 457, at 605). In the instant case, plaintiffs were successful in the prior arbitration proceeding.

Plaintiffs' personal injury action is barred under the doctrine of estoppel against inconsistent positions. This doctrine was explained in *Environmental Concern v Larchwood Constr. Corp. (supra,* at p 593) as follows:

"[T]he doctrine of estoppel against inconsistent positions precludes a party from 'framing his * * * pleadings in a manner inconsistent with a position taken in a prior proceeding' (Note, The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings, 59 Harv L Rev 1132; see, also, Beck, Estoppel Against Inconsistent Positions in Judicial Proceedings, 9 Brooklyn L Rev 245; *Ferrandino v Cartelli,* 12 AD2d 604). The doctrine rests upon the principle that a litigant 'should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise' (Note, *op cit.,* 59 Harv L Rev 1132).

" 'The policies underlying preclusion of inconsistent positions are "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings." ' *(State of Arizona v Shamrock Foods Co.,* 729 F2d 1208, 1215, quoting from 1B Moore's Fed Prac, par 405 [8], p 767.) In short, 'where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position' *(Davis v Wakelee,* 156 US 680, 689)".

Applying the aforesaid doctrine to the case at bar, it is clear that plaintiffs are now barred from proceeding against defendant, as owner of the vehicle, for damages arising from the accident. Plaintiffs have previously assumed the position that the driver of defendant's vehicle was an uninsured motorist, thereby effectively conceding that the vehicle was being operated without defendant's permission or consent. Accordingly, plaintiffs may not now assume an inconsistent position and claim that at the time of the accident defendant's vehicle was being driven with her authorization. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.