■ GERHARD P. STOETZEL, Respondent, v WAPPINGERS CENTRAL SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to reimburse the petitioner for salary he would have earned had he not been suspended from his employment without pay, the appeal is from a judgment of the Supreme Court, Dutchess County (Donovan, J.), dated August 29, 1984, which, *inter alia,* directed the appellant Wappingers Central School District to pay the petitioner the wages he would have earned had he not been suspended without pay, and directed the appellants to redact all references to those suspensions from his personnel record.

Judgment affirmed, with costs.

The petitioner, an employee in the Buildings and Grounds Department of the appellant school district, was suspended without pay for several days by the appellant Cutinella, a supervisor of that department. No hearing or administrative proceedings preceded these suspensions. The collective bargaining agreement which covers the petitioner prescribes a grievance procedure (art V) which was initiated by the petitioner and his union, but discontinued prior to the scheduled hearing. The appellants contend that the petitioner has, pursuant to section 9 of article V of the collective bargaining agreement, elected his remedy, and therefore lacks standing to bring this action. We do not agree.

Election of remedies is a harsh doctrine and should only be applied where there has clearly been an irrevocable election. The doctrine is intended to prevent vexatious litigation *(see, Smith v Kirkpatrick,* 305 NY 66). Applying the doctrine to this case, where the grievance procedure under the agreement was aborted at a preliminary stage, would be unduly harsh. The appellants have not demonstrated that an irrevocable election of remedies was made by the petitioner.

Education Law § 1711 (5) (e) vests the Superintendent of Schools with the power to suspend school district employees and to report this suspension to the Board of Education at its next regularly scheduled meeting. No further authority to suspend is granted by the statute. Accordingly, the appellant Cutinella lacked the authority to suspend the petitioner without pay *(cf. Todriff v Shaw*, 95 AD2d 775).

The collective bargaining agreement does not change the result. While section 4 of article III of the agreement provides for the discharge and discipline of an employee for just cause, it does not, as the appellants contend, alter the fact that this power is vested solely in the Superintendent. Therefore, the suspension of the petitioner by Cutinella was improper.

Accordingly, the judgment appealed from should be affirmed. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.