■ PRUDENTIAL HOME MORTGAGE COMPANY, INC., Respondent, v NEILDAN CONSTRUCTION CORP., Appellant, et al., Defendants. [618 NYS2d 108] —In an action to foreclose a mortgage, the defendant Neildan Construction Corp. appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated April 12, 1993, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 31, 1990, the Prudential Home Mortgage Company, Inc. (hereinafter Prudential) commenced the present action to foreclose a mortgage given by Richard DeSimone to secure a note on real property located at One Regis Court, Suffern, New York. DeSimone also gave a mortgage to the seller of the property, Neildan Construction Corp. (hereinafter Neildan). DeSimone defaulted on both mortgages. Thereafter, it was discovered that Robert Angona, who had executed the mortgages on DeSimone's behalf, had forged DeSimone's signature on the form appointing him as DeSimone's attorney in fact.

On March 13, 1991, Neildan commenced an action to quiet title to the property. Neildan and Prudential agreed to hold the present foreclosure action in abeyance until the completion of the action to quiet title. In addition, the complaint in that action states that, pursuant to an oral agreement between Neildan and Prudential, the title to the property is subject to a $425,000 mortgage held by Prudential. By a judgment entered January 29, 1992, the Supreme Court adjudged Neildan to be the lawful owner of the property, subject only to the $425,000 mortgage held by Prudential.

Thereafter, Neildan moved for summary judgment in the present foreclosure action on the ground the forged mortgage held by Prudential is invalid. The Supreme Court denied the motion, finding that collateral estoppel precludes Neildan from raising the issue of the validity of the mortgage.

The Supreme Court incorrectly found that collateral estoppel applies to the present action. In order to invoke the doctrine of collateral estoppel, an issue must have been previously decided against a party in a previous proceeding. "If the issue has not been litigated, there is no identity of issues between the present action and the prior determination. An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in

issue by proper pleadings or even because of a stipulation" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 456-457). In the action to quiet title, Neildan conceded only that the title to the property is subject to the Prudential mortgage. Therefore, the issue of the mortgage's validity was not decided.

However, judicial estoppel or the doctrine of inconsistent positions applies in this case. This doctrine precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed *(see, Piedra v Vanover,* 174 AD2d 191, 197; *Neumann v Metropolitan Med. Group,* 153 AD2d 888, 889). "The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system 'cannot tolerate this "playing fast and loose with the courts" ' " *(Kimco of N. Y. v Devon,* 163 AD2d 573, 575, quoting *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 594). Thus, because Neildan conceded in the action to quiet title that title to the property is subject to the Prudential mortgage, it may not now, in a separate action, claim that the Prudential mortgage is invalid. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.