■ ANDREA DOUGLAS et al., Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, et al., Defendants. [654 NYS2d 39] —In an action, *inter alia,* for a judgment declaring that the defendant Government Employees Insurance Company is obligated to defend and indemnify the defendant Chuan Teng in connection with a personal injury action arising out of an automobile accident, the defendant Government Employees Insurance Company appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 11, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant Government Employees Insurance Company, and the action against the remaining defendants is severed.

The defendant insurance carrier Government Employees Insurance Company (hereinafter GEICO) correctly contends that judicial estoppel, or the doctrine of inconsistent positions, precludes the plaintiffs from maintaining this action against it. It is undisputed that after GEICO disclaimed coverage for the automobile which collided with the plaintiffs' vehicle, the plaintiffs filed a claim for uninsured motorist benefits with their own insurer. The plaintiffs proceeded to arbitration on the claim and recovered a substantial award premised on the theory that the offending vehicle was not covered by insurance. Accordingly, under the doctrine of judicial estoppel, the plaintiffs cannot now seek inconsistent relief by challenging the validity of the disclaimer and requesting a judgment declaring that GEICO is required to defend and indemnify the operator of the offending vehicle in the underlying action (*see, Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394; *Atlas Drywall Corp. v District Council of N. Y. City & Vicinity of United Bhd. of Carpenters & Joiners,* 207 AD2d 762; *Kasmarski v Terranova,* 115 AD2d 640; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591).

In view of the foregoing, we have no occasion to consider GEICO's remaining contentions. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.