OPINION OF THE COURT
Patricia P. Satterfield, J.
‘ ‘In order to prevail on a motion to dismiss pursuant to CPLR 3211 (a) (1), the document relied upon must conclusively dispose of the plaintiff’s claim (see, Sammarco Garden Ctr. v Sammarco, 173 AD2d 456; Greenwood Packing Corp. v Associated Tel. Design, 140 AD2d 303).” (Mest Mgt. Corp. v Double M Mgt. Co., 199 AD2d 479, 480 [1993]; see also, New York Schools Ins. Reciprocal v Gugliotti Assoc., 305 AD2d 563 [2003].) Here, defendants proffer the affidavit of defendant Peter Palazzola, and a report of lost, stolen or confiscated motor vehicles, stating that at the time of the accident, his vehicle was stolen, and operated without his permission. As such, defendants contend that the action must be dismissed based upon the documentary evidence.
Notwithstanding defendants’ contention to the contrary, this document does not conclusively dispose of this action, particularly in view of the fact that the report was filed approximately five hours after the occurrence of the accident, and the keys to the vehicle that defendant alleges to have misplaced were found in the ignition of that vehicle at the site of the accident. Moreover, there are allegations that the description of the person seen running away from the vehicle matches that of the vehicle registrant, defendant Palazzola. Therefore, those branches of the motion and cross motion for dismissal of the complaint upon the ground that a defense is founded upon documentary evidence is denied.
Defendants further contend that based upon plaintiffs filing of an uninsured motorist claim against his insurer in which he recovered $25,000 as a result of the underlying accident, the instant action is barred by the doctrine of estoppel against inconsistent positions. Defendants state that since plaintiff took the position that the subject vehicle was uninsured, “he is now estopped from pursuing a contradictory position through a claim *734 against Palazzola as the lessee of the vehicle.” In support of this position, defendants rely upon, inter alia, Kasmarski v Terranova (115 AD2d 640 [1985]) and Douglas v Government Empls. Ins. Co. (237 AD2d 246 [1997]), Appellate Division, Second Department, decisions, in which the plaintiffs were estopped from pursuing personal injury actions against the respective defendants upon recovery of arbitration awards on their uninsured motorist claims.
In Kasmarski, the plaintiffs were awarded $10,000, after arbitration of their uninsured motorist claim. In support of their claim, the plaintiffs cited the defendant’s affirmative defense that her vehicle had been stolen prior to the accident and thus was being operated without her permission or consent. In applying the doctrine of estoppel against inconsistent positions, also known as judicial estoppel, the Court stated (id. at 642):
“Applying the aforesaid doctrine to the case at bar, it is clear that plaintiffs are now barred from proceeding against defendant, as owner of the vehicle, for damages arising from the accident. Plaintiffs have previously assumed the position that the driver of defendant’s vehicle was an uninsured motorist, thereby effectively conceding that the vehicle was being operated without defendant’s permission or consent. Accordingly, plaintiffs may not now assume an inconsistent position and claim that at the time of the accident defendant’s vehicle was being driven with her authorization.”
Likewise, in Douglas, the defendant’s insurance carrier disclaimed coverage for the automobile which collided with the plaintiffs’ vehicle. As a result, the plaintiffs filed a claim for uninsured motorist benefits with their own insurer. The plaintiffs proceeded to arbitration on the claim and recovered an award premised on the theory that the offending vehicle was not covered by insurance. The Court held (id. at 246):
“[U]nder the doctrine of judicial estoppel, the plaintiffs cannot now seek inconsistent relief by challenging the validity of the disclaimer and requesting a judgment declaring that GEICO is required to defend and indemnify the operator of the offending vehicle in the underlying action (see, Prudential Home Mtge. Co. v Neildan Constr. Corp., 209 AD2d 394; Atlas Drywall Corp. v District Council of N.Y. City & Vicinity of United Bhd. of *735 Carpenters & Joiners, 207 AD2d 762; Kasmarski v Terranova, 115 AD2d 640; Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591).”
Consequently, defendants contend that the action should be dismissed on the additional basis of judicial estoppel.
In opposition, plaintiff contends that his position has consistently been that defendants alleged that the vehicle was stolen, and he filed the claim based upon that dubious representation, not on the veracity of the statement. He further contends that he has maintained to his uninsured motorist carrier, as well as to defendants, and their insurer, that defendants’ vehicle was being operated with the expressed or implied permission of defendant Palazzola. Plaintiff states that the language of the settlement agreement clearly evidences that the claim was being settled in contemplation of a personal injury action against defendants, and proffers the release and trust agreement which states, in pertinent part, the following:
“The undersigned agrees to hold in trust for the benefit of the company all rights of recovery which s/he shall have against any person or organization legally liable for such bodily injuries, and assigns to the company proceeds of any settlement with or judgment against such person or organization . . . This release is not intended to interfere with or impede the claimant’s right to pursue an action or claim against any tortfeasor(s) responsible for the subject loss . . . The undersigned further warrants that s/he had made no settlement with, given any release to or prosecuted any claim to judgment against any person . . . legally responsible for such bodily injuries, and that no such settlement will be made, no such release will be given and no such claim will be prosecuted to judgment without the written consent of the company.”
Plaintiff contends that although Kasmarski and Douglas appear to be factually similar to the case at bar, they are distinguishable as the claims in those cases were “decided by a judge in an Arbitration; this is contrary to the case at bar where the plaintiffs UM claim was voluntarily settled by the UM carrier, Geico.” Consequently, plaintiff asserts that judicial estoppel is only applicable where a “party assumed a certain position in a legal proceeding.” As there was no legal proceeding, plaintiff alleges that the doctrine is inapplicable. Lastly, plaintiff contends that as the doctrine is an equitable provision, public policy should dictate under the instant circumstances. He states:
*736 “As a matter of public policy, the Courts should be conscious to the fact that where a defendant owner of a vehicle denies permission and consent in the use of his/her vehicle, an obstacle is created for the injured victim that can only be overcome by way of a lengthy trial . . . Where a plaintiff is notified of such a position by the defendant/owner, he/she is forced to place his UM carrier on notice of a potential UM claim. If the UM insurance carrier wishes to voluntarily offer to compensate its insured, the plaintiff, and at the same time, retain the right to recoup the sum paid to the plaintiff when and if plaintiff prevails in its lawsuit against defendant owner, what harm is there in allowing an injured victim and its insurer to enter into such an agreement? In fact, barring an injured victim of an accident — the perpetrator of which may very well be the owner of the offending vehicle — from pursuing an action against the owner of the vehicle, will only have the effect of unjustly enriching a defendant who may have been clever enough to report his vehicle stolen after he got into the accident and fled the scene.”
As a result, plaintiff contends that the prongs of the motion and cross motion, seeking dismissal of the action based upon the doctrine of estoppel against inconsistent positions, should be denied.
“Th[e] doctrine [of judicial estoppel] precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding (see, Neumann v Metropolitan Med. Group, 153 AD2d 888; Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591; see also, Kasmarski v Terranova, 115 AD2d 640).” (Kimco of N.Y. v Devon, 163 AD2d 573, 574 [1990].)
“ ‘The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system “cannot tolerate this ‘playing fast and loose with the courts’ ” ’ (Kimco of N.Y. v Devon, 163 AD2d 573, 575, quoting Environmental Concern v Larchwood Constr. Corp., 101 AD 2d 591, 594).” (Prudential Home Mtge. Co. v Neildan Constr. Corp., 209 AD2d 394, 395 [1994].) “ ‘ “The policies underlying preclusion of inconsistent positions are ‘general consideration^] of the orderly administration of justice and regard for the dignity of judicial proceedings’ ”. In short, “where a party assumes a certain position in a *737 legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.” ’ ” (Piedra v Vanover, 174 AD2d 191, 197 [1992] [citations omitted].)
Here, at first glance at the doctrine of estoppel against inconsistent positions, it would appear that, based upon the facts presented before this court, plaintiffs personal injury action should be precluded as he prevailed on his uninsured motorist claim, the very filing of which giving rise to an inference of the position that plaintiff necessarily relied. As aptly stated by defendants,
“plaintiff appears to be suggesting that one can take the position that the vehicle that allegedly caused the accident was uninsured and, therefore, entitle the plaintiff to monies from his own uninsured motorist carrier, in this case [GEICO] and at the same time, pursue a claim for bodily injury against the alleged tortfeasors, including the vehicle owner, lessee and driver.”
Equally provocative, however, is plaintiffs cogent arguments with respect to policy considerations in view of the language encompassed in the release and trust agreement, which appears to suggest that the claim was settled in contemplation of recoupment from any future payouts resulting from plaintiffs impending personal injury action. Notwithstanding, more telling is the dicta in the State v Shamrock Foods Co. (729 F2d 1208 [9th Cir 1984]), a Court of Appeals case for the Ninth Circuit, relied upon by numerous New York cases, including Kasmarski v Terranova (115 AD2d 640 [1985]), one of defendants’ leading cases.* The court stated (729 F2d 1208, 1215 [1984]):
“The issue of when a party may be estopped from relying on seemingly inconsistent theories or positions appears to be a matter of first impression in the Ninth Circuit. In Garcia v. Andrus, 692 E2d 89 (9th Cir. 1982), this court acknowledged that the doctrine of judicial estoppel acts to bar advancement of truly inconsistent positions but did not find it necessary to enumerate the requirements for application of the doctrine. 692 F.2d at 94. The policies underlying preclusion of inconsistent positions are ‘general consideration^] of the orderly administration of justice and regard for the dignity of judicial *738 proceedings.’ IB Moore’s Federal Practice 1.405[8], at 767. One court has stated the rule: [‘]A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that playing “fast and loose with the courts” which has been emphasized as an evil the courts should not tolerate. And this is more than affront to judicial dignity. For intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. [’] Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 513 (3d Cir.1953) (citations omitted); see also Konstantinidis v. Chen, 626 F.2d 933 (D.C.Cir.1980). The emphasis is not on a hard and fast rule, but rather on prevention of ‘intentional self-contradiction ... as a means of obtaining unfair advantage.’ Scarano, 203 F.2d at 513.”
The alleged inconsistent theories here arising from a nonjudicial voluntary arbitration and the instant judicial proceeding do not fall within the proscriptions of either the Arizona case or the New York cases that rely upon it. Consequently, based upon the record before it, the pronouncements of both persuasive and binding judicial precedent, public policy, and “general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,” this court finds that the broad bounds of equity militate in favor of plaintiff. Thus, the prongs of the motion and cross motion for dismissal on the ground that the action is barred, and should be dismissed upon the basis of judicial estoppel, are denied.

 Douglas v Government Empls. Ins. Co. (237 AD2d 246 [1997]), the other leading case relied upon by defendants, cites Kasmarski.