In the Matter of the Estate of PAUL F. TAYLOR, Also Known as PAUL FRED TAYLOR, Deceased. MARK TAYLOR et al., Appellants, v SPORTSMAN'S DEN, INC., et al., Respondents. (Action No. 1.) MARK TAYLOR et al., Appellants, v GEORGE LAMBERT et al., Respondents. (Action No. 2.) [868 NYS2d 729]—

In action No. 1, the defendants Sportsman's Den, Inc., and Robert Steckler made a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Surrogate's Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint in action No. 1.

In action No. 2, the defendant Joanne Taylor, the second wife of the decedent, Paul Taylor, made a prima facie showing that the bulk of the complaint was premised upon the plaintiffs' claim that a separation agreement executed in 1970 by the plaintiff Marilyn Miller, the decedent's first wife, and the decedent, was invalid. However, in 2005, almost two years after the decedent died, in a Surrogate's Court proceeding arising out of the administration of his estate, the plaintiffs in action No. 2 submitted a claim against the estate predicated upon the validity of the separation agreement, and obtained partial summary judgment in their favor declaring that the agreement was valid and enforceable. Accordingly, Joanne made a prima facie showing that under the doctrine of judicial estoppel, the plaintiffs cannot now challenge the validity of the agreement (*see State Farm Mut. Auto. Ins. Co. v Chandler*, 35 AD3d 588, 589-590 [2006]; *Douglas v Government Empls. Ins. Co.*, 237 AD2d 246 [1997]; *Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Surrogate's Court properly granted Joanne's motion for summary judgment

dismissing the causes of action based upon the alleged invalidity of the separation agreement. As for the remaining causes of action, Joanne also made a prima facie showing of entitlement to judgment in her favor, in response to which the plaintiffs failed to raise a triable issue of fact as to her.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.