[3 NYS3d 901]

TRINETTE FLETCHER, Plaintiff, v RINGO RODRIGUEZ, Defendant.

Supreme Court, Queens County, February 2, 2015

### APPEARANCES OF COUNSEL

*Joseph A. Faraldo*, Kew Gardens, for plaintiff.

*Law Office of Karen L. Lawrence* and *Sweetbaum & Sweetbaum*, Lake Success, for defendant.

### OPINION OF THE COURT

DAVID ELLIOT, J.

Motion by defendant for an order, inter alia, dismissing the complaint against him pursuant to CPLR 3211 (a) (10); and by separate notice of motion by plaintiff for an order restoring this action to the trial calendar and for an order, in effect, granting her summary judgment dismissing defendant's defense of estoppel.

It is ordered that the motions are determined as follows:

This presents a case in which, after receiving a denial of claim from defendant's insurer following a motor vehicle accident, plaintiff, in compliance with Insurance Department regulations (*see generally* 11 NYCRR 60-2.3), notified her own insurance carrier of the potential for an uninsured motorist claim so as to recover under her own policy. As a result, plaintiff entered into a conditional settlement agreement with her carrier, under which the carrier would pay benefits under specific conditions, which required her, in relevant part, to reimburse her insurer in the event plaintiff was successful in recovering against the person/entity responsible for the subject accident. Defendant claims that, by entering into such an agreement

with her insurance carrier, she has irrevocably waived any right to maintain this action against defendant.

The facts are as follows: plaintiff commenced this action to recover damages for injuries alleged to have been sustained on January 13, 2011 as a result of a motor vehicle accident which occurred at or near the intersection of Grand Central Parkway and 63rd Road, Queens, New York. Although the vehicle drove away after the accident, plaintiff, a former police officer in the State of Maryland for 12 years and a current federal marshal, allegedly observed that its license plate number was FDN4194, which matches that of the vehicle registered to defendant.

The Allstate Insurance Company, the insurer of defendant's vehicle, wrote a letter to the plaintiff's attorney informing him that, although defendant's policy was in effect on the date of the accident, defendant denied any involvement in the collision. Plaintiff's attorney then notified the United Services Automobile Association (USAA), his client's insurer, that plaintiff would possibly make an uninsured motorist claim against it.

In January 2012, USAA offered to make a payment of $25,000 pursuant to the uninsured motorist clause in plaintiff's policy (the limit of liability) on condition that USAA would be reimbursed if plaintiff recovered against defendant.

USAA paid the plaintiff $25,000 to settle the uninsured motorist claim against it, receiving in return a release dated January 16, 2012 which read in relevant part:

> "I/We [plaintiff] agree to take, through the representative designated by the Company [USAA], such action in my/our own name as is requested by the Company to recover damages from the owner and/or operator of the uninsured automobile . . . All expenses and costs incident to the taking of any action requested by the Company will be paid by the Company, and any money recovered as a result of judgment, settlement, or otherwise, whether obtained as a result of action requested by the Company or not, will be paid to the Company provided, however, any net recovery in excess of the consideration shown above, the costs and attorney's fees, shall be retained by me/us."

There is no merit in defendant's argument that USAA is a necessary party to this action because plaintiff surrendered all of her rights to sue defendant by accepting uninsured motorist

payments from USAA. The release given by plaintiff shows an intent to allow plaintiff to bring an action in her own right against the tortfeasor (to wit: "whether obtained as a result of action requested by the Company or not").

Defendant also makes an argument based on the doctrine of the election of remedies, to wit: that, by plaintiff having accepted a settlement with her own insurer, she is barred from seeking recovery herein. However, the cases which his attorney cites shed little light on the case at bar. In *Brown v Wright* (226 AD2d 570 [1996]), Executive Law § 297 (9) provided that a person who filed an administrative complaint regarding discrimination thereby lost his judicial cause of action. In *Rennie v Pierce Cards* (65 AD2d 527 [1978]), the First Department held that a party could not both rescind a contract and recover damages for its breach. This court's own research has not disclosed any New York State cases directly on point, although, it should be noted, the doctrine of election of remedies has similarities with the doctrines of judicial estoppel, res judicata, and collateral estoppel. Indeed, one text describes the doctrine as "not widely used today" and its need having been "largely displaced" by res judicata and collateral estoppel. (Lee S. Kreindler, Blanca I. Rodriguez, David Beekman & David C. Cook, New York Law of Torts § 19:44 [16 West's NY Prac Series 2014].)

The purpose of the doctrine of the election of remedies is to prevent double redress for a single wrong (*see Matter of Tate v Estate of Dickens*, 276 App Div 94 [1949]; 1 NY Jur 2d, Actions § 9).

> "An election of remedies has been defined as a choice between two inconsistent rights, either of which may be asserted at the will of the chooser alone. When a choice is made between irreconcilable claims, with full knowledge of the facts, the party making the election may not thereafter maintain an action on the inconsistent claim, but, rather, is bound by the remedy first chosen" (1 NY Jur 2d, Actions § 9).

"Remedies are inconsistent where they proceed on opposite and irreconcilable theories, demands, or claims of rights, the test being whether the facts supporting one remedy are consistent with the facts supporting the other" (*id.* § 11). The doctrine of election of remedies does not pertain to only a choice between judicial remedies (*see e.g. Matter of Hardie v New York State*

*Attica Corr. Facility*, 144 AD2d 164 [1988] [acceptance of worker's compensation benefits precludes suit for civil damages against employer for intentional tort]).

> "Under New York law, for an election of remedies to bar the pursuit of alternative relief, legal and equitable, a party must have chosen one of two or more co-existing inconsistent remedies, and in reliance upon that election, that party must also have gained an advantage, or the opposing party must have suffered some detriment" (*Prudential Oil Corp. v Phillips Petroleum Co.*, 418 F Supp 254, 257 [SD NY 1975]; *331 E. 14th St. v 331 E. Corp.*, 293 AD2d 361 [2002]).

The rationale of the doctrine "is that courts will not permit suitors solemnly to affirm that a given state of facts exists from which they are entitled to a particular relief and afterward affirm that a contrary state of facts exists, from which they are entitled to inconsistent relief" (*Matter of Tate v Estate of Dickens* at 97).

In the case at bar, the doctrine of election of remedies is not applicable. First, "[e]lection of remedies is a harsh doctrine and should only be applied where there has clearly been an irrevocable election" (*Stoetzel v Wappingers Cent. School Dist.*, 118 AD2d 636, 636 [1986]; *see Strong v Reeves*, 280 App Div 301 [1952], *affd* 306 NY 666 [1953]). In view of the language in the release plaintiff gave to USAA pertaining to the further pursuit of the tortfeasor, this court cannot find that she clearly and irrevocably intended to choose between her rights against her insurer and her rights against the tortfeasor (*see Fong v Yu*, 2004 WL 5641618 [Sup Ct, NY County 2004] [plaintiff did not clearly and irrevocably elect remedy of liquidated damages because her letter "clearly evidences an intent to pursue any available remedy"]). Second, the doctrine does not apply to a party who does not have "full knowledge of the facts necessary to enable a party to make an intelligent and deliberate choice" (*Royal Hair Pin Corp. v Rieser Co., Inc.*, 218 NYS2d 773, 776 [Sup Ct, Kings County 1961]; *Matter of Tate v Estate of Dickens*; 1 NY Jur 2d, Actions § 12). In view of the doubt created by Rodriguez's denial of involvement in the accident, plaintiff cannot be said to have full knowledge of the facts surrounding her accident. Third, "[t]here can be an election of remedies only when a choice is made between inconsistent, alternative, or mutually exclusive remedies" (1 NY Jur 2d, Actions § 11). In the case at bar, the remedy actually received by plaintiff from USAA was

only a tentative, conditional one: she had to return the $25,000 if she recovered from the tortfeasor. The remedies were made consistent by the condition relating to recovery from the tortfeasor. The remedies do not conflict because the first, in effect, disappears upon the arrival of the second. The remedy received was specifically designed not to present an election of remedies.

■ Neither is the doctrine of judicial estoppel applicable to the case at bar. The court notes, initially, that defendant waived his affirmative defense based on judicial estoppel by not including it in his answer and by not moving to amend his answer (*see McHale v Anthony*, 70 AD3d 466 [2010]). The court is mindful that there is some authority which permits the consideration of an unpleaded affirmative defense on a motion for summary judgment in the absence of prejudice (*see Bank of N.Y. v River Terrace Assoc., LLC*, 23 AD3d 308 [2005]). In any event, the doctrine of judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]; *see Tedesco v Tedesco*, 64 AD3d 583 [2009]; *City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33 [2009]). Pursuant to the doctrine of judicial estoppel, also known as estoppel against inconsistent positions, "if a party assumes a position in one legal proceeding and prevails in maintaining that position, that party will not be permitted to assume a contrary position in another proceeding simply because the party's interests have changed" (*Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683 [2011]). The doctrine can also preclude a party from inequitably assuming inconsistent positions within the same proceeding (*Matter of Hartsdale Fire Dist. v Eastland Constr., Inc.*, 65 AD3d 1345 [2009]), and "application of the doctrine of judicial estoppel does not require entry of a judgment" (*id.* at 1346). The doctrine also applies to administrative proceedings (*see Kilcer v Niagara Mohawk Power Corp.*).

"In order for judicial estoppel to be invoked, (1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some ma[nn]er" (*Peralta v Vasquez*, 467 F3d 98, 105 [2d Cir 2006]; *see Bates v Long Is. R.R. Co.*, 997 F2d 1028 [2d Cir 1993]; *Barker v Amorini*, 121 AD3d 823 [2014]).

In *Kasmarski v Terranova* (115 AD2d 640 [1985]), the plaintiffs sustained personal injury when their vehicle was struck by a hit-and-run driver who was allegedly identified as the defendant. The plaintiffs subsequently began both a personal injury action against the defendant, who alleged that his vehicle had been stolen, and an uninsured motorist proceeding against their insurer. After a hearing, an arbitrator awarded the plaintiffs $10,000 against their insurer. The defendant subsequently moved for the dismissal of the personal injury action on the ground of judicial estoppel, and the Appellate Division, Second Department held that she was entitled to a dismissal on that ground. Having taken the position in the uninsured motorist proceeding that the defendant's vehicle had been driven without her consent, the appellate Court wrote, "plaintiffs may not now assume an inconsistent position and claim that at the time of the accident defendant's vehicle was being driven with her authorization" (*id.* at 642).

In *Douglas v Government Empls. Ins. Co.* (237 AD2d 246 [1997]), after GEICO disclaimed coverage for the automobile which collided with the plaintiffs' vehicle, the plaintiffs filed a claim for uninsured motorist benefits with their own insurer. The plaintiffs went to arbitration on their claim and recovered a substantial award by taking the position that insurance did not cover the other vehicle. The plaintiffs also brought an action against GEICO for a judgment declaring that the insurer had an obligation to defend and indemnify the operator of the offending vehicle in the underlying action. The Appellate Division, Second Department held that the plaintiffs, having recovered uninsured motorist benefits in the arbitration proceeding by taking the position that the offending vehicle was uninsured, were precluded by the doctrine of judicial estoppel from taking a contrary position in the action for a declaratory judgment.

In the case at bar, although plaintiff filed an uninsured motorist claim, defendant did not establish that the matter went to arbitration and that plaintiff took an inconsistent position in the context of that proceeding. Plaintiff's attorney has alleged that "no judicial proceeding was commenced in pursuit of the conditional settlement proferred to plaintiff by USAA" and that "[p]laintiff never commenced any proceeding such as an uninsured arbitration." Plaintiff also submits a correspondence from her insurer which states: "Please note your file [sic] if you are successful with your investigation and/or suit filed

against Allstate and their insured then USAA must be reimbursed for the $25,000 settlement issued." Defendant did not submit any proof showing otherwise. Defendant did not satisfy the first element of the doctrine of judicial estoppel which is that "the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding" (*Peralta v Vasquez* at 105).

Defendant also failed to establish that plaintiff made allegations in processing her uninsured motorist claim which were "sufficiently definite" and "clearly inconsistent" with her position in this action (*see Barker v Amorini*, 121 AD3d 823, 825 [2014]). Plaintiff's attorney alleges that he kept USAA fully informed of his client's allegations regarding defendant and of the necessity of filing the uninsured motorist claim because of the doubt raised by his denial of involvement in the accident.

The case at bar is distinguishable from *Kasmarski v Terranova* and *Douglas v Government Empls. Ins. Co.* because plaintiff never unequivocally asserted to USAA that the offending vehicle was uninsured and because plaintiff never made her assertions in the context of a proceeding. The case at bar is also distinguishable because of the conditional language in the release given by plaintiff to her insurer.

This is not the first court to note the significance of the language in a settlement agreement or release given in connection with an uninsured motorist clause when determining whether to apply the doctrine of judicial estoppel. In *Tuchten v Palazzola* (10 Misc 3d 732 [Sup Ct, Queens County 2005]), a plaintiff injured in a motor vehicle accident brought a personal injury action against the defendant owner of the offending vehicle who asserted that its vehicle had been stolen prior to the accident. The defendant owner also argued that the doctrine of judicial estoppel barred the personal injury action because the plaintiff had filed an uninsured motorist claim against his insurer in which he recovered $25,000 as a result of the underlying accident. Although the trial court cited *Kasmarski v Terranova* and *Douglas v Government Empls. Ins. Co.*, it refused to dismiss the action on the ground of judicial estoppel because, "based upon the record before it, the pronouncements of both persuasive and binding judicial precedent, public policy, and 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' . . . the broad bounds of equity militate[d] in favor of plaintiff" (*id.* at 738). Among other things, the trial court in *Tuchten* found

"cogent" the plaintiff's "arguments with respect to policy considerations in view of the language encompassed in the release and trust agreement, which appears to suggest that the claim was settled in contemplation of recoupment from any future payouts resulting from plaintiff's impending personal injury action" (*id.* at 737).

Although the *Tuchten* court did not further develop the point about the conditional nature of the settlement agreement, this court is of the view that the language of a settlement agreement reached with an uninsured carrier or, as in the case at bar, in the release given to it, may provide a sufficient basis for drawing a distinction with *Douglas v Government Empls. Ins. Co.* and *Kasmarski v Terranova.* The policies underlying the doctrine of judicial estoppel are to prevent a party from misleading the court and to preserve the integrity of the judicial process (*see Festinger v Edrich*, 32 AD3d 412, 413 [2006] ["the application of the doctrine also was essential to avoid a fraud upon the court and a mockery of the truth-seeking function"]; *Bates v Long Is. R.R. Co.*). In the case at bar, the language of the release clearly contemplated that plaintiff would, in the future, prosecute an action against the owner of the offending vehicle. Both parties understood that the liability of defendant was an open matter. Plaintiff's attorney has alleged that USAA "acknowledged that this was a conditional payment, made on the representation that plaintiff was to pursue a remedy against the tortfeasor and return the funds advanced by USAA." The representation made by plaintiff to her insurer was essentially that, although she intended to pursue her remedies against the tortfeasor, she did not know at the time she gave the release to USAA if a court would later find that defendant had driven the offending vehicle. The language of the release supports the inference that the allegations plaintiff made to her insurer about an uninsured vehicle were "neither sufficiently definite nor so clearly inconsistent with her current position in this action so as to warrant the application of the doctrine" (*Barker v Amorini*, 121 AD3d at 825; *see Matter of Edson v Southold Town Zoning Bd. of Appeals*, 102 AD3d 687 [2013]). The very language of the release given by plaintiff exculpates her from any accusation that she is committing a fraud upon the court and making a mockery of the search for truth.

In view of the foregoing, plaintiff is entitled to partial summary judgment on the issue of judicial estoppel (*see* CPLR 3212 [e]).

Accordingly, plaintiff's motion is granted and defendant's motion is denied.