Matter of Bobar v Transit Adjudication Bur. (2021 NY Slip Op 01255)





Matter of Bobar v Transit Adjudication Bur.


2021 NY Slip Op 01255


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-02034
 (Index No. 2274/17)

[*1]In the Matter of Robert T. Bobar, appellant,
v
Transit Adjudication Bureau, respondent.


Robert T. Bobar, New York, NY, appellant pro se.
David I. Farber, Brooklyn, NY (Bonnie C. Harper of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority Transit Adjudication Bureau dated June 7, 2017, finding that the petitioner had entered the premises of the New York City Transit Authority without paying his fare, upholding the issuance of a notice of violation, and imposing a $100 fine, the petitioner appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 20, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the service and filing by the respondent of an answer or motion directed to the petition within 20 days after service upon it of a copy of this decision and order with notice of entry, and for further proceedings thereafter.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York City Transit Authority Transit Adjudication Bureau, sued herein as Transit Adjudication Bureau. The determination, inter alia, upheld a notice of violation issued to the petitioner. In a judgment dated December 20, 2017, the Supreme Court, sua sponte, dismissed the proceeding for failure to exhaust administrative remedies. The petitioner appeals.
The Supreme Court's sua sponte dismissal of the proceeding for the petitioner's failure to exhaust his administrative remedies was error. "Failure to exhaust administrative remedies is not an element of an article 78 claim for relief, but an affirmative defense which must be raised by respondent either in an answer or by preanswer motion or else be deemed waived" (Matter of Warwick v Henderson , 117 AD2d 1001, 1001; see Matter of Punis v Perales , 112 AD2d 236, 238). Consequently, we reinstate the petition and remit the matter to the Supreme Court, Kings County, for the service and filing of an answer or motion directed to the petition, and for further proceedings thereafter.
In light of our determination, we do not reach the petitioner's remaining contentions.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court