Matter of Doe v Putnam-Northern Westchester BOCES (2026 NY Slip Op 50155(U))

[*1]

Matter of Doe v Putnam-Northern Westchester BOCES

2026 NY Slip Op 50155(U)

Decided on February 10, 2026

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 10, 2026
Supreme Court, Westchester County

In the Matter of the Application of John Doe, on behalf of his minor son, MICHAEL DOE, Petitioners, For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules

againstPutnam-Northern Westchester BOCES, NEIL BOYLE, District Superintendent, and KATHRYN WHITE, Principal of The Walden School, Respondents.

Index No. 77199/2025

Davenport Law PLLC (by Chad A. Davenport, Esq.) for Petitioner. 
Shaw, Perelson, May & Lambert, LLP (by Beth L. Harris, Esq.) for Respondents.

Sheralyn Pulver, J.

Petitioner, identified in the caption as John Doe, on behalf of his minor son, Michael Doe ("Michael" or "Petitioner"), moves for relief pursuant to Civil Practice Law and Rules ("CPLR") Article 78 seeking to annul and vacate a determination, made by Putnam-Northern Westchester BOCES, Neil Boyle, District Superintendent, and Kathryn White, Principal of The Walden School (collectively, "Respondents"), to deny a child's medical exemption from vaccinations. Petitioner further seeks a declaration that the subject medical exemption and physician certification are valid and sufficient under the law and an order compelling Respondents to accept the medical exemption and physician certification. Additionally, Petitioner sought interim relief, as well as an award of costs and disbursements. Respondents have answered and asserted affirmative defenses, and Petitioner has replied. For the reasons set forth below, the Court now denies the petition. 
The Court read and considered the following papers electronically filed via NYSCEF in making its decision:
• Notice of Petition, Verified Petition, Affirmation of Chad A. Davenport, Esq. in Support of Petition, Exhibits A-I, Memorandum of Law, and Request for Judicial Intervention (NYSCEF Doc. Nos. 1-17).• Verified Answer with Exhibits A-D, and Affirmation of Beth L. Harris, Esq. in support of Verified Answer, with Exhibits A-H (NYSCEF Doc. Nos. 24-37).• Affirmation of Chad A. Davenport, Esq. in Reply with Exhibits A-C, and Memorandum of Law (NYSCEF Doc. Nos. 38-42).• Affirmation of Beth L. Harris, Esq. in Support of Sur-reply with Exhibits A-C (NYSCEF Doc. Nos. 47-50).[FN1]
Relevant Facts and Procedural History
Michael is a six-year-old child who requires special education and related services (see Petition [NYSCEF Doc. No. 1], ¶¶ 15, 19).[FN2]
Michael was enrolled to attend The Walden School, which is part of Putnam-Northern Westchester BOCES, for the 2025-2026 academic year (id.).
On approximately September 22, 2025, Michael's father submitted to Respondents a medical exemption form and letter from Michael's physician, Lawrence B. Palevsky, MD ("Dr. Palevsky"). The form and letter sought to exempt Michael from the following required vaccinations: (1) polio; (2) tetanus, diphtheria, and pertussis (DTaP); (3) measles, mumps, and rubella (MMR); and (4) varicella (chickenpox) (see NYSCEF Doc. Nos. 3-4). In his letter, Dr. Palevsky describes Michael's history of developmental regression and continuing declines in development (see NYSCEF Doc. No. 4). The letter also describes that Michael has autonomic nervous system dysregulation, marked by hyperactivity, involuntary movements, speech problems, poor eye contact, and delayed social skills (id.). Based upon these conditions, Dr. Palevsky stated the following:
In my professional medical judgment, vaccination may be detrimental to [Michael's] health. My medical opinion is based on [Michael's] ongoing developmental delays and slow progress in his development, expressive and receptive speech delays, social delays, and ongoing autonomic nervous system dysregulation which places him at a significant risk to develop one or more adverse reactions to the vaccines.My medical opinion is also based on the fact that many of the vaccines contain nanoparticles, emulsifiers, and other ingredients that may cross thew blood brain barrier . . . [and] may further inflame his brain and further dysregulate his autonomic nervous system.Based on the above medical rationale, the following vaccinations are medically contraindicated for [Michael]: DTaP, IPV, MMR and Varicella. This medical exemption is valid for one year, expiring August 31, 2026.(NYSCEF Doc. No. 4).
Dr. Palevsky's exemption form and letter were reviewed by Louis A. Corsaro, MD ("Dr. [*2]Corsaro"), Putnam-Northern Westchester BOCES' School Physician and Medical Director, as well as by a Medical Director at the New York State Department of Health ("DOH") (see NYSCEF Doc. No. 27, ¶¶ 21-22). By letter dated September 29, 2025, the DOH Medical Director advised the school that, according to the U.S. Centers for Disease Control and Prevention's ("CDC") Advisory Committee on Immunization Practices ("ACIP"), the conditions described by Dr. Palevsky are not contraindications or precautions to the subject vaccines (see NYSCEF Doc. No. 36). Dr. Corsaro, likewise, determined that the conditions as described by Dr. Palevsky do not constitute a medical contraindication or precaution to the subject vaccines according to ACIP guidance or nationally recognized, evidence-based standards of care (see NYSCEF Doc. No. 27, ¶ 19).
By letter dated October 17, 2025, Respondents advised Petitioner, in sum and substance, that Dr. Palevsky's certification was insufficient as the reasons stated therein do not constitute medical contraindications or precautions to specific immunizations consistent with ACIP or other nationally recognized evidence-based standard of care (see NYSCEF Doc. No. 5). The letter further advised that Michael would not be permitted to attend school as of October 17, 2025, because he remained out of compliance with the New York State vaccination requirements (id.). Lastly, the letter advised that the determination to exclude Michael was appealable to the Commissioner of the New York State Education Department (id.). 
By letter dated October 19, 2025, Petitioner's counsel demanded that Respondents immediately reverse the determination to exclude Michael from school (see NYSCEF Doc. No. 6). By letter dated October 21, 2025, Respondents' counsel advised Petitioner that the request for reversal was denied (see NYSCEF Doc. No. 7). Petitioner's counsel responded by letter to Respondents' counsel to again demand reconsideration and to request that Michael be permitted to attend school pending the outcome of an appeal to the Commissioner of Education (see NYSCEF Doc. No. 8).
Petitioner filed an appeal of Respondent's determination to the Commissioner of Education, which included a request for interim relief in the form of a stay order (see NYSCEF Doc. No. 9). On November 12, 2025, the Commissioner of Education denied Petitioner's request for a stay order (see NYSCEF Doc. No. 32). Petitioner then commenced the instant Article 78 proceeding by notice of petition on December 14, 2025 (NYSCEF Doc. No. 17). Petitioner subsequently withdrew the pending appeal with the Commissioner of Education on January 15, 2026 (see NYSCEF Doc. Nos. 39, 48).
Discussion
A. Standard of Review
In an Article 78 proceeding in the nature of mandamus to review, the Court must ascertain whether the challenged determination was arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or an abuse of discretion (see CPLR § 7803[3]; Scherbyn v Wayne-Finger Lakes Bd. of Co-op. Educ. Servs., 77 NY2d 753, 757-58 [1991]; New York City Health and Hosp. Corp. v McBarnette, 84 NY2d 194, 204 [1994]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v. Calogero, 12 NY3d 424, 431 [2009]; see also Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester [*3]County, 34 NY2d 222, 231 [1974]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham, 12 NY3d at 431; see also McCollum v City of New York, 184 AD3d 838, 839-40 [2d Dept. 2020]).
Further, mandamus to compel is available where the respondent failed to perform a duty enjoined upon it by law (see CPLR § 7803[1]). "The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Patel v Town of Rhinebeck, 225 AD3d 879, 880 [2d Dept. 2024] [internal citations omitted]). Unlike a discretionary act, "a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (id.).
B. Exhaustion of Administrative Remedies and Election of Remedies
The doctrine of exhaustion of administrative remedies requires that one first exhaust all available administrative channels before seeking relief in an Article 78 proceeding (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Stoll v County of Nassau, 227 AD3d 1085, 1086 [2d Dept 2024]; CPLR § 7801[1]). The administrative remedy available to challenge a school district's denial of a medical exemption and exclusion of a student is an appeal to the Commissioner of Education (see Public Health Law ["PHL"] § 2164[7][b]). An Article 78 proceeding could then be commenced in the event the Commissioner of Education denies such an administrative appeal (see A.A.C. v Starpoint Cent. Sch. Dist., 2026 WL 125401, *3, 2026 U.S. App. LEXIS 1304, *7 [2d Cir, Jan. 16, 2026, No. 25-1316-cv]).
A parent challenging a school district's denial of a medical exemption must exhaust their administrative remedies by appealing to the Commissioner of Education or must establish that an exception to the exhaustion requirement applies (see Matter of Coritsidis v New York City Dept. of Educ., 242 AD3d 886, 888 [2d Dept 2025]. But see Matter of Lynch v Clarkstown Cent. Sch. Dist., 155 Misc 2d 846, 849 [Sup Ct, Rockland County 1992]). The exceptions to the exhaustion requirement include "when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (Matter of Mirenberg v Lynbrook Union Free Sch. Dist. Bd. of Educ., 63 AD3d 943, 943 [2d Dept 2009], quoting Watergate II Apts., 46 NY2d at 57). Additionally, where the issue is one of pure statutory interpretation that can be decided as a matter of law, the exhaustion requirement will not apply (see Matter of Dobbs Ferry Hosp. Assn. v Whalen, 62 AD2d 999, 999 [2d Dept 1978]; Matter of Lezette v Board of Educ., Hudson City Sch. Dist., 43 AD2d 755, 755-756 [3d Dept 1973]).
Here, by not seeing his administrative appeal through to completion, Petitioner failed to exhaust his administrative remedies. Petitioner contends, though, that multiple exceptions to the exhaustion requirement apply. However, the Court need not address this contention because, as a threshold matter, Respondents did not raise the issue that Petitioner failed to exhaust administrative remedies. Failure to exhaust administrative remedies is an affirmative defense that is deemed waived if the respondent fails to raise it in the answer or by motion to dismiss (see Bobar v Transit Adjudication Bur., 192 AD3d 682, 683 [2d Dept 2021]). A court may not, sua sponte, dismiss an Article 78 proceeding for failure to exhaust administrative remedies (see [*4]id.).
Instead of arguing failure to exhaust, Respondents asserted an affirmative defense that this proceeding should be barred by the doctrine of election of remedies. The Court disagrees. The doctrine of election of remedies applies where an aggrieved party has more than one remedy to choose from, and the election of one remedy precludes pursuit of the others (see Alarcon v Henry, 235 AD3d 706, 707 [2d Dept 2025]). To constitute an election of remedies, the available remedies or rights must be inconsistent or mutually exclusive (see M.V.B. Collision, Inc. v Rovt, 101 AD3d 830, 831-832 [2d Dept 2012]; Fletcher v Rodriguez, 47 Misc 3d 582, 585-586 [Sup Ct, Queens County 2015]). The doctrine of election of remedies, intended to prevent vexatious litigation, is a "harsh doctrine" and should apply only where there has clearly been an irrevocable election (see Stoetzel v Wappingers Cent. Sch. Dist., 118 AD2d 636, 636 [2d Dept 1986]).[FN3]

The doctrine of election of remedies has no application in the context of a parent challenging a school district's denial of a medical exemption from vaccination. An appeal to the Commissioner of Education and commencement of an Article 78 proceeding are not inconsistent, mutually exclusive remedies; rather, the former is generally a prerequisite for the latter. Moreover, and taken to its logical end, Respondents' position means that Petitioner would be free to commence an Article 78 proceeding had he not first appealed to the Commission of Education—the exact antithesis of the doctrine of exhaustion of administrative remedies.
Therefore, the Court finds that this proceeding is not subject to dismissal under either the doctrine of election of remedies or exhaustion of administrative remedies. The Court now turns to the merits of the petition.
C. Vaccination Mandate under Public Health Law § 2164
Parents in New York State are required to have their children vaccinated against poliomyelitis (polio), mumps, measles, diphtheria, rubella, varicella (chickenpox), Haemophilus influenzae type b (Hib), pertussis, pneumococcal disease, and hepatitis B (see PHL § 2164[2][a]). In addition, parents of children entering the sixth grade or a comparable special education level must have their children administered a diphtheria, tetanus, and pertussis (DTaP) booster (see PHL § 2164[2][b]). However, PHL § 2164(8) provides an exemption to the mandatory vaccination requirement: "If any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health, the requirements of this section shall be inapplicable until such immunization is found no longer to be detrimental to the child's health."
While PHL § 2164 does not contain any additional guidance or restrictions to aid in interpreting the PHL § 2164(8) exemption provision, the Commissioner of the Department of Health ("DOH") is expressly authorized to adopt rules and regulations to effectuate the [*5]provisions and purposes of this statute (see PHL § 2164[10]). Accordingly, DOH regulations set forth the requirements for a physician's certification for exemption, which must be provided before a child may be admitted to school:
A signed, completed medical exemption form approved by the NYSDOH or NYC Department of Education from a physician licensed to practice medicine in New York State certifying that immunization may be detrimental to the child's health, containing sufficient information to identify a medical contraindication to a specific immunization and specifying the length of time the immunization is medically contraindicated. The medical exemption must be reissued annually. The principal or person in charge of the school may require additional information supporting the exemption.(10 NYCRR § 66-1.3[c]).
Additionally, the phrase "may be detrimental to the child's health," as used in the above provision, is defined to mean "that a physician has determined that a child has a medical contraindication or precaution to a specific immunization consistent with ACIP guidance or other nationally recognized evidence-based standard of care" (10 NYCRR § 66-1.1[l]). 
Thus, for a child to be exempted from the mandatory vaccination requirement, the physician must certify that the child has a contraindication or precaution to a specific immunization that is in accord with ACIP guidance or other nationally recognized evidence-based standards of care.
Here, Dr. Palevsky's letter set forth a medical conclusion that the subject vaccinations may be detrimental to Michael's health based upon the opinion that Michael's condition places him at a significant risk to develop one or more adverse reactions to the vaccines (see NYSCEF Doc. No. 4). However, the letter does not set forth that Dr. Palevsky's determination is based upon or consistent with ACIP guidance or with another nationally recognized evidence-based standard of care. Dr. Palevsky's letter does not refer to any medical authorities, agencies, standards, studies, or other such guidance upon which his conclusion is based.
The key question, then, is whether Dr. Palevsky's medical exemption was facially valid such that Respondents were required to accept it. Petitioner principally relies upon A.A.C. v Starpoint Central School District for the point that a school district may not second-guess a facially valid medical exemption form. Importantly, however, the exemption form at issue in that case apparently comported with DOH regulations in that it established that the student's medical condition was a "'precaution' to the Tdap vaccine pursuant to guidelines issued by the Center for Disease Control and Prevention's Advisory Committee on Immunization Practices" (see A.A.C. v Starpoint Cent. Sch. Dist., 2025 WL 1201971, *19, 2025 U.S. Dist. LEXIS 79314, *48-49 [WD NY, Apr. 25, 2025, No. 24-CV-1047 (JLS)] [emphasis added]). Hence, the form at issue in A.A.C. met the regulatory standards and was facially valid. Here, on the other hand, the facial validity of the medical exemption form and letter appeared questionable.[FN4]

As Dr. Palevsky's letter did not establish on its face that the claimed contraindication or precaution was consistent with ACIP guidance or other nationally recognized standard of care, Respondents reasonably relied upon medical information from the DOH and from Dr. Corsaro to determine whether the medical exemption form was sufficient. Under the circumstances, Respondents were not obligated to accept Dr. Palevsky's medical exemption form and letter at face value without any further investigation (see Matter of Lynch, 155 Misc 2d at 850-851).
Therefore, the Court cannot conclude that Respondents' determination as to the sufficiency of Dr. Palevsky's medical exemption form and letter was made without a sound basis in reason or regard for the facts (see Matter of Peckham, 12 NY3d at 431; Matter of Pell, 34 NY2d at 231). Nor can the Court find Respondents' decision to exclude Michael from school unreasonable as a school is prohibited from admitting a child without either a certificate of immunization, proof that the child is in the process of being vaccinated, or a valid medical exemption form as described more fully above (see 10 NYCRR § 66-1.3).
Based upon the foregoing, the Court finds that Respondents' determination in this matter was not arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or an abuse of discretion (see CPLR § 7803[3]; Scherbyn, 77 NY2d at 757-58; New York City Health and Hosp. Corp., 84 NY2d at 204). Further, the Court finds that acceptance of Dr. Palevsky's medical exemption form and letter was not a purely ministerial or compulsory act under the circumstances (see Patel, 225 AD3d at 880). Accordingly, the Court denies the Article 78 relief requested in the petition.[FN5]

The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
Accordingly, for all the foregoing reasons, it is hereby
ORDERED that the petition (motion sequence #1) is denied in its entirety, without costs or disbursements; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly.
This constitutes the Decision, Order and Judgment of the Court.
Dated: February 10, 2026
White Plains, New York
HON. SHERALYN PULVER
Acting Supreme Court Justice

Footnotes

Footnote 1:Respondents additionally filed an eleven-page memorandum of law in support of their sur-reply (NYSCEF Doc. No. 51), which the Court declines to consider as it exceeded the permitted page limit for a sur-reply. The Court had permitted Respondents to submit a sur-reply strictly limited to five double-spaced pages or three pages if in letter form (see NYSCEF Doc. No. 46). However, the Court has read and considered Respondents' sur-reply affirmation and exhibits.

Footnote 2:The Court will refer to the child herein as Michael as that is how he is named in the caption of the petition. Michael was five years old at the commencement of this proceeding.

Footnote 3:Additionally, an election of remedies provision may be statutorily prescribed. For example, in the context of employment discrimination, an aggrieved party is expressly precluded from suing in court if he or she has filed a complaint alleging the same wrong with the New York State Division of Human Rights (see Executive Law § 297[9]; Matter of Nizamuddeen v New York City Tr. Auth., 140 AD3d 880, 881-882 [2d Dept 2016]).

Footnote 4:The Court notes that the other decision principally relied upon by Petitioner, Miller v McDonald, 130 F4th 258 (2d Cir 2025), was recently vacated by the U.S. Supreme Court (see Miller v McDonald, — S Ct &mdash, 2025 WL 3506969, 2025 U.S. LEXIS 4515 [Dec. 8, 2025]). 

Footnote 5:As to Petitioner's request, in the prayer for relief, for a declaration pursuant to CPLR § 3001, the summary procedures applicable to Article 78 proceedings do not ordinarily apply to a declaratory judgment cause of action unless a party moves for summary determination of the declaratory judgment cause of action (see East West Bank v L & L Assoc. Holding Corp., 144 AD3d 1030, 1033 [2d Dept. 2016]). Here, however, Petitioner did not assert a discrete cause of action for a declaratory judgment. The petition contains a single cause of action for relief under CPLR § 7803(3) (see Petition, ¶ 45 et seq.). In any event, on the facts in the record in this proceeding, the Court does not find that Petitioner is entitled to declaratory relief.